**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE E. SARMIENTO,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>                              Respondents. | Case No.:  3:21-cv-01644-CAB-NLS<br><br>**ORDER DIRECTING CLERK TO FILE PETITION IN THIS CASE AS A MOTION TO AMEND PETITION IN CASE No. 3:20-cv-00930-WQH-AGS** |

On May 18, 2020, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court which was given case no. 3:20-cv-00930-WQH-AGS. (*See Sarmiento v. Pfeiffer, et al.*, 3:20-cv-00930-WQH-AGS (S.D. Cal. May 18, 2020) [ECF No. 1].) In case no. 3:20-cv-00930-WQH-AGS, Sarmiento seeks to challenge his conviction in San Diego Superior Court case no SCN346521. (*Id.*) The case was dismissed without prejudice on May 28, 2020 because Sarmiento had failed to satisfy the filing fee requirement and had failed to alleges exhaustion of his state judicial remedies. (*See* ECF No. 2 in case no. 3:20-cv-00930-WQH-AGS.) He was given until July 27, 2020, to either pay the $5.00 filing fee or file a Motion to Proceed in Forma Pauperis, and file a First Amened Petition the alleged exhaustion. (*Id.*)

On July 16, 2020, Sarmiento filed a First Amended Petition and a Motion for Stay. (ECF Nos. 3–4 in case no. 3:20-cv-00930-WQH-AGS.) On February 16, 2021, the stay

was granted and the Court directed Sarmiento and Respondent to file joint status reports every three months. (ECF No. 15 in case no. 3:20-cv-00930-WQH-AGS.) Sarmiento was also directed to file a motion requesting the stay be lifted "within 45 days of the state court's decision resolving [his] claims." (*Id.*) Sarmiento filed status reports on March 9, June 7, August 2, and September 13, 2021. (ECF Nos. 17–18, 20–21 in case no. 3:20-cv-00930-WQH-AGS.)[1]

On September 16, 2021, Sarmiento filed a second habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court seeking to challenge the same conviction as he does in case no. 3:20-cv-00930-WQH-AGS. That petition was given this case no., 3:21-cv-01644-CAB-NLS. (*See Sarmiento v. Pfeiffer, et al.*, 3:21-cv-01644-CAB-NLS (S.D. Cal. Sept. 16, 2021)[ ECF No. 1].)

In *Woods v. Carey*, 525 F.3d 886 (9th Cir 2008), the Ninth Circuit stated that when a pro se petitioner has a 28 U.S.C. § 2254 petition pending in a district court and files a new 28 U.S.C. § 2254 petition challenging the same conviction, "the district court should . . . construe [a] pro se habeas petition as a motion to amend his pending habeas petition." *Id.* at 890. Accordingly, the Clerk of Court is **DIRECTED** to file the petition in this case (ECF No. 1) as a motion to amend the petition in case no. 3:20-cv-00930-WQH-AGS.

**IT IS SO ORDERED.**

Dated:  September 30, 2021

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] After Respondent failed to file the required status reports, an Order to Show Cause ("OSC") was issued on September 15, 2021. (ECF Nos. 19, 23 in case no. 3:20-cv-00930-WQH-AGS. The OSC was dismissed after Respondent filed a Response explaining the delay. (ECF Nos. 24–25 in case no. 3:20-cv-00930-WQH-AGS.)